# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO M. ANGUIANO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>BANK OF AMERICA, et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 12-CV-1752-IEG (BLM)<br><br>**ORDER GRANTING DEFENDANTS BANK OF AMERICA AND U.S. BANK'S MOTION TO DISMISS**<br><br>[Doc. No. 5] |

　　　　Before the Court is Defendants Bank of America and U.S. Bank's motion to dismiss Plaintiff Rigoberto Anguiano's complaint. [Doc. No. 5.] For the reasons below, the Court hereby **GRANTS** Defendants' motion.

## BACKGROUND

　　　　This is a mortgage case. On June 1, 2012, Plaintiff filed a complaint in San Diego County Superior Court alleging state law claims for slander of title, an accounting, injunctive relief, to quiet title, intentional infliction of emotional distress, cancellation of instruments, violation of California Civil Code section 2923.5 and 2934, and wrongful foreclosure. [Doc. No. 1-1.] On July 16, 2012, Defendants timely removed to this court on diversity grounds. [*See* Doc. No. 1 at 2.] On October 12, 2012, Defendants filed the present motion to dismiss for failure to sate a claim, [Doc. No. 5.]. No opposition has been filed.

## DISCUSSION

　　　　Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 677-78 (2009).  Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing.  *New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011).  "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory."  *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011).  For the reasons and to the extent specified below, Plaintiff's complaint fails to allege sufficient facts to support any cognizable legal theory and thus Defendants' motion to dismiss is **GRANTED**.

### 1. Slander of Title Claim

Slander of title claims require "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal.App.4th 1040, 1050 (2009).  Plaintiff makes no allegation of any false publication or any pecuniary loss. [Doc. No. 1-1.]  These deficiencies are fatal here, s*ee Velasco v. Security Nat. Mortg. Co.*, 823 F.Supp.2d 1061, 1069 (D. Hawai'i 2011), but nonetheless could be cured and thus Plaintiff's slander of title claim is **DISMISSED WITHOUT PREJUDICE**.

### 2. Accounting Claim

 "Before an accounting is in order, the right to an accounting must be established. It may be dispensed with where under the evidence the need or right to one is not shown." *Tina v. Coountrywide Home Loans, Inc.*, 2008 WL 4790906, at *3 (S.D. Cal. Oct. 30, 2008) (quoting *Baxter v. Krieger*, 157 Cal.App.2d 730, 732 (1958); *see also St. James Church of Christ Holiness v. Superior Court*, 135 Cal.App.2d 352, 359 (1955) ("A suit for an accounting will not lie where it appears from the complaint that none is necessary.").  This case concerns foreclosure as a result of monies owed by Plaintiff to Defendants; there is no allegation that Defendants owe anything to Plaintiff. [Doc. No. 1-1.]   Thus, Plaintiff fails to establish his right to an accounting.  *See Aguilar v. Cabrillo Mortg*., 2010 WL 1909547, at * (S.D. Cal. May 11, 2012) ("Plaintiffs fail to adequately allege that any funds are owed to them. Accordingly, Plaintiffs failed to allege sufficient facts to state a cause of action for accounting.").  Because Plaintiff could potentially remedy this deficiency, his claim for an accounting is **DISMISSED WITHOUT PREJUDICE**.

### 3. Injunctive Relief Claim

Injunctive relief is simply a remedy, not a valid cause of action. *Vissuet v. Indymac Mortg. Services*, 2010 WL 1031013, at *7 (S.D. Cal. Mar. 19, 2010) (citing *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942)). Because Plaintiff's bare claim for injunctive relief does not constitute a valid cause of action, it is hereby **DISMISSED WITH PREJUDICE**.

### 4. Quiet Title Claim

A "quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed." *Gjurovich v. Cal.*, 2010 WL 4321604, at *8 (E.D. Cal. Oct. 26, 2010). Plaintiff fails to allege tender, [*see* Doc. No. 1-1], and thus his claim to quiet title fails. *Gjurovich*, 2010 WL 4321604, at *8. But because this deficiency may be cured, Plaintiff's claim to quiet title is **DISMISSED WITHOUT PREJUDICE**.

### 5. Intentional Infliction of Emotional Distress Claim

"A claim for intentional infliction of emotional distress requires that the plaintiff allege: "(i) outrageous conduct by defendant, (ii) an intention by defendant to cause, or reckless disregard of the probability of causing, emotional distress, (iii) severe emotional distress, and (iv) an actual and proximate causal link between the tortious conduct and the emotional distress." *Mehta v. Wells Fargo Bank, N.A.*, 737 F.Supp.2d 1185, 1203 (S.D. Cal. 2010) (quoting *Nally v. Grace Cmty. Church*, 47 Cal.3d 278 (1988)). Here, Plaintiff alleges that Defendants' notice of default and threat of foreclosure constitute outrageous conduct. [Doc. No. 1-1 at 16.] Numerous courts have held similar allegations insufficient to constitute the requisite outrageous conduct. *See, e.g., Aguinaldo v. Ocwen Loan Servicing, LLC*, 2012 WL 3835080, at *7 (N.D. Cal. Sept. 4, 2012) ("as a matter of law that foreclosing on property does not amount to the 'outrageous conduct'"); *Davenport v. Litton Loan Servicing, LP*, 725 F.Supp.2d 862, 884 (N.D. Cal. 2010) (home foreclosure "falls shy of 'outrageous,' however wrenching the effects on the borrower"); *Mehta*, 737 F.Supp.2d at 1204 ("The fact that one of Defendant[-lenders'] employees allegedly stated that the sale would not occur but the house was sold anyway is not outrageous as that word is used in this context."); *Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc.*, 2010 WL 3769459, at *4–5, *13 (N.D. Cal. Sept. 22, 2010) (neither act nor threat of foreclosure by itself does not constitute outrageous conduct). As Plaintiff has failed to allege

sufficient facts to show outrageous conduct, his intentional infliction of emotional distress is hereby **DISMISSED WITHOUT PREJUDICE**.

### 6. Cancellation Claim

"It is well established under California law that a 'valid and viable' tender of payment for the debt owed is essential to an action to cancel a sale under a deed of trust." *Salazar v. Accredited Home Lenders, Inc.*, 2010 WL 2674405, at * (S.D. Cal. July 2, 2010) (citing *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (Cal.Ct.App.1971)). Plaintiff fails to allege tender, [*see* Doc. No. 1-1], but could remedy this deficiency through amendment. Thus, Plaintiff's cancellation claim is **DISMISSED WITHOUT PREJUDICE**.

### 7. Claims for Violation of Cal. Civ. Code 2923.5

As to Defendant U.S. Bank, a federally chartered national banking association, section 2923.5 is inapplicable as preempted by the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 *et seq*. *See Rodriguez v. JP Morgan Chase & Co.*, 809 F.Supp.2d 1291, 1295 (S.D. Cal. 2011) ("Plaintiff's section 2923.5 claim fails because the asserted portions of section 2923.5 have been preempted by the Home Owners' Loan Act ("HOLA") of 1933, 12 U.S.C. § 1461 et seq. since the loan provider, Washington Mutual Bank, FA, was a federally chartered savings bank at the time the loan was originated."). Thus, Plaintiff's section 2923.5 claim against Defendant U.S. Bank is **DISMISSED WITH PREJUDICE**.

But section 2923.5 does apply to Defendant Bank of America, a Delaware corporation. It "requires, before a notice of default may be filed, that a lender contact the borrower in person or by phone to "assess" the borrower's financial situation and "explore" options to prevent foreclosure." *Mabry v. Superior Court*, 185 Cal.App.4th 208, 213-14 (Cal. Ct. App. 2010). Plaintiff concedes that such an assessment was made, but argues that it was invalid because it was not "executed under the penalty of perjury." [*See* Doc. No. 1-1 at 13-15.] "There is nothing in section 2923.5 that requires the lender to rewrite or modify the loan." *Mabry*, 185 Cal.App.4th at 214. Nor does section 2923.5 require that notice being given under penalty of perjury. *See Villagomez v. JPMorgan Chase Bank, N.A.*, 2012 WL 3030357, at *3 (S.D. Cal. July 25, 2012). Rather, section 2923.5 is satisfied by the very assessment Plaintiff concedes occurred. *Id.* Thus, Plaintiff has failed to state a claim for violation of section 2923.5. Still, because amendment is not

necessarily futile, Plaintiff's section 2923.5 claim against Defendant Bank of America is **DISMISSED WITHOUT PREJUDICE**.

### 8. Wrongful Foreclosure Claims

Wrongful foreclosure claims require allegations of credible tender.[1]  *See Alicia v. G.E. Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender in the amount of the secured debt to maintain any cause of action for wrongful foreclosure."). Plaintiff makes no such allegation, [*see* Doc. No. 1-1], therefore, his claim must be dismissed. *Alicia*, 2009 WL 2136969, at *3. But this failure could potentially be cured through amendment, and thus Plaintiff's wrongful foreclosure claim is **DISMISSED WITHOUT PREJUDICE**.

### CONCLUSION

For the foregoing reasons, Plaintiff's claims for slander of title, an accounting, to quiet title, intentional infliction of emotional distress, cancellation, and wrongful foreclosure are **DISMISSED WITHOUT PREJUDICE**; Plaintiff's claim under section 2923.5 against Defendant Bank of America is **DISMISSED WITHOUT PREJUDICE**; and Plaintiff's claims for injunctive relief as to both Defendants and claim under section 2923.5 against Defendant U.S. Bank are **DISMISSED WITH PREJUDICE**. Only as to claims dismissed without prejudice, Plaintiff is granted leave to file an amended complaint no later than 30 days after the date of this order.

**IT IS SO ORDERED.**

**DATED:**    February 6, 2013

                                                                        *Irma E. Gonzalez*
                                                                        **IRMA E. GONZALEZ**
                                                                        **United States District Judge**

---

[1] Claims for violation of Cal. Civ. Code 2934 are considered wrongful foreclosure claims. *See Small v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3719314, at *14 (E.D. Cal. Sept. 16, 2010). Thus, Plaintiff's seperately enumerated claim for violation of section 2934 also fails for a failure to allege credible tender and is thus **DISMISSED WITHOUT PREJUDICE**.