```
`
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO M. ANGUIANO,         ) | Civil No. 12cv1752 L (BLM) |
|                               ) | |
|            Plaintiff,         ) | **ORDER GRANTING MOTIONS TO** |
|                               ) | **REOPEN CASE and TO AMEND** |
| v.                             ) | **THE COMPLAINT** [doc. nos. 14, 15] |
|                               ) | |
| BANK OF AMERICA dba            ) | |
| RECONTRUST COMPANY, N.A., *et al.,* ) | |
|                               ) | |
|            Defendants.        ) | |
|                               ) | |

**A.    Procedural Background**

This action was removed from the Superior Court of the State of California, in and for the County of San Diego, on July 16, 2012. Defendants Bank of America and U.S. Bank filed a motion to dismiss the complaint for failure to state a claim. Plaintiff did not oppose the dismissal motion. On February 6, 2013, the Court granted the motion dismissing without prejudice the slander of title, accounting, quiet title, intentional infliction of emotional distress, cancellation, violation of California Civil Code 2923.5 (Bank of America only), and wrongful foreclosure claims, and with prejudice as to injunctive relief and violation of California Civil Code 2923.5 (U.S. Bank only). Plaintiff was granted leave to file an amended complaint no later than 30 days after the date of the Order, *i.e.*, March 8, 2013. An amended complaint was not filed, nor was an extension of time in which to file an amended complaint requested.

On March 8, 2013, plaintiff filed a motion for substitution of counsel which the Court

granted. If plaintiff anticipated filing motions for leave to reopen the case and to file a first amended, such motions were to be filed on or before September 18, 2013. Plaintiff timely filed both motions. Defendants have opposed the motions.

**B.     Discussion**

    **1.     Reopen Case**

Plaintiff relies on Federal Rule of Civil Procedure 60(b)(1) and (6) for reopening his action. Counsel states that he had prepared the Amended Complaint for timely filing; however, due to a clerical error by staff members, it was not filed. Thus, plaintiff invokes the excusable neglect factor from 60(b)(1). Additionally, plaintiff states that his prior counsel failed to plead the proper causes of action and facts related thereto, and therefore 60(b)(6) may be applied.

A court may set aside a judgment or order only upon a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

*Pioneer Investment Services Company v. Brunswick Associates* established a balancing test to determine whether an untimely filing is due to excusable neglect. 507 U.S. 380, 395 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*). The determination whether neglect is excusable is an equitable one that depends on at least four factors:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay*, 389 F.3d at 855 (citing *Pioneer*, 507 U.S. at 395).

Defendants do not discuss the factors set forth in *Pincay*, but rather argue that the time to file an amended complaint expired and plaintiff has another federal action pending against the same defendants before the Honorable Gonzalo P. Curiel. Neither reason demonstrates prejudice

or that the delay will have a discernable impact on the proceedings or that the delay was solely within the control of the movant. Further, there is no showing of bad faith on the part of plaintiff and his counsel.

The Court will reopen this action. If either party believes the cases are amenable to consolidation, a motion should be filed.

### 2. Motion to Amend the Complaint

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see also, e.g., Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(This policy is "to be applied with extreme liberality."); *Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality"). Leave to amend is ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. Pacific Properties and Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). These factors are not equally weighted: "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, because the original complaint was dismissed and certain causes of action were dismissed without prejudice with leave to amend, upon the reopening of the case, an amended complaint must be filed. As discussed above, there is no prejudice to defendants, no bad faith on the part of plaintiff, and defendants have not argued futility. Accordingly, the motion for leave to file an amended complaint is appropriately granted.

Based on the foregoing, **IT IS ORDERED:**

1. Plaintiff's motion to reopen the case is **GRANTED**;
2. Plaintiff's motion to amend the complaint is **GRANTED**. The amended complaint shall be filed on or before **November 4, 2013**;

/ / /

/ / /

3. Defendants shall file an answer or answers to the FAC within the time provided by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: October 28, 2013

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L, MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL